717 A.2d 995

STATE OF NEW JERSEY, DEPARTMENT OF ENVIRONMENTAL
PROTECTION AND RICHARD GIMMELLO, ADMINISTRATOR,
NEW JERSEY SPILL COMPENSATION FUND, PLAINTIFFS–
APPELLANTS, v. SIGNO TRADING INTERNATIONAL AND
MORTON SPRINGER, INC., ET ALS, DEFENDANTS–RESPON-
DENTS.

Superior Court of New Jersey Appellate Division

Submitted July 14, 1998—Decided July 21, 1998.

Before Judges WALLACE and EICHEN.

*Peter Verniero*, Attorney General, attorney for appellants (*Mary C. Jacobson*, Assistant Attorney General, of counsel; *Edward Devine*, Deputy Attorney General, on the brief).

No brief was submitted on behalf of respondents.

No other parties participated in this appeal.

EICHEN, J.A.D.

This appeal arises from multi-party environmental litigation instituted by the New Jersey Department of Environmental Protection (DEP) and the Administrator of the New Jersey Spill Compensation Fund (the Spill Fund) (collectively plaintiffs). In February 1994, plaintiffs filed a complaint in the Law Division seeking to recover the costs of cleanup and removal of various chemical products and wastes, including hazardous substances, from property the DEP alleged had been used as an illegal chemical warehouse in Newark. The Spill Fund had expended in excess of $4,400,000 on the cleanup and removal and sought to recover its costs from the responsible parties. The warehouse was owned by defendant Morton Springer, Inc. (Morton Springer).

The DEP settled with all the parties deemed responsible except Morton Springer which declined the settlement offered by plain-

tiffs. Morton Springer filed a motion for summary judgment claiming it was not liable for the costs under the New Jersey Spill Compensation and Control Act, *N.J.S.A.* 58:10–23.11 to –23.24 (the Act). Plaintiffs filed a cross-motion for summary judgment. On March 27, 1997, the Law Division entered an order for summary judgment in favor of plaintiffs imposing liability on Morton Springer for cleanup and removal costs under the Act, subject to its counterclaim for recoupment. The order also provided that "the amount of such costs [are] to be determined in a separate trial on damages" to be held on June 16, 1997.

On June 13, 1997, the parties appeared before the Law Division judge who had entered the summary judgment order. Counsel for Morton Springer advised the judge that his client had retained New York bankruptcy counsel who had filed a Chapter 7 voluntary petition [1] for Morton Springer in the Southern District of New York on June 11, 1997, and that he wished to be relieved as Morton Springer's counsel. The matter was adjourned until June 16, 1997 to allow submission of additional proof that Morton Springer had actually sought protection in the bankruptcy court.[2]

On June 16, 1997, counsel appeared before the Law Division together with the attorney who had filed the bankruptcy petition for Morton Springer in the Southern District of New York. Plaintiffs argued that they should be permitted to proceed to a proof hearing to determine damages without obtaining relief from the automatic stay provision before the bankruptcy court, *see* 11 *U.S.C.* § 362(a). They asserted that Section 362(b)(4) of the Federal Bankruptcy Code includes an exception to the automatic stay for a governmental agency to enforce its police or regulatory powers in environmental cases, and that the stay does not prevent their proceeding in this case. The attorneys for Morton Springer

---

[1] *See* 11 *U.S.C.* §§ 701–728 (Chapter 7); *see also* § 301 (governing voluntary cases).

[2] On June 13, 1997, Morton Springer's counsel had submitted only a faxed copy of the first page of the voluntary petition.

countered, among other things, that the "only one that can make a decision concerning whether defendant goes forward or not at this point in time is the [bankruptcy] trustee"; that they did not know whether a trustee had even been appointed; and that no notice had been given to the appropriate "entity" of the proceedings before the court that day. Therefore, Morton Springer argued, plaintiffs could not proceed to obtain a judgment.

The Law Division judge dismissed the complaint without prejudice, stating

I still think that your proper application is to go to the Bankruptcy Court and to get the trustee, whoever is appointed, to make a decision and then you can make your application that way, but I'm not making that kind of decision, and letting you move ahead to a proof case today, after all the work that's been put into this case. Your application is denied. We're now in a stay on the dismissal list, pursuant to some other relief from the Bankruptcy Court. . . .

I'm not willing to step over the bounds and interfere with the Federal Court at this point in time until somebody there is put on notice, and somebody has the opportunity to be able to say, yes, you can go ahead and fix the damages. I'm just not going to do it.

The judge then entered an order dismissing the complaint without prejudice. The order provided that the dismissal was

subject to reinstatement by formal motion if the bankruptcy proceedings do not fully dispose of all issues between the parties or for good cause and subject to reinstatement for a damage trial if the automatic stay is lifted by the Bankruptcy Court upon motion by plaintiff DEP.

We reverse.

Although the Law Division judge was properly concerned that the bankruptcy trustee have notice before allowing plaintiffs to proceed to fix damages, especially in light of Morton Springer's outstanding claim of recoupment, the judge erred in dismissing the action and conditioning its reinstatement upon application by plaintiffs for relief from the stay in the bankruptcy court.

 We agree with plaintiffs that the automatic stay provision under Section 362(a) is not a bar to plaintiffs' action against Morton Springer on the issue of damages and the related issues, despite its filing for bankruptcy protection. Plaintiffs' action to recover "costs incurred in responding to completed violations of

environmental statutes fall[s] under the police power exemption of the automatic stay." *City of New York v. Exxon Corp.,* 932 *F.*2d 1020, 1024 (2d Cir.1991); *accord United States v. Nicolet, Inc.,* 857 *F.*2d 202, 207–08 (3d Cir.1988); *Penn Terra Ltd. v. Department of Envtl. Resources,* 733 *F.*2d 267, 274 (3d Cir.1984).[3] As the Second Circuit stated in *City of New York v. Exxon Corp.:*

> Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, *where a government unit is suing a debtor to prevent or stop violation* of fraud, *environmental protection,* consumer protection, safety, or similar police or regulatory *laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay.*
>
> [932 *F.*2d at 1024 (quoting S.Rep. No. 95-989 at 52 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5838) (emphasis added).]

Thus, plaintiffs had no obligation to seek relief from the stay in the bankruptcy court before attempting to fix damages at the proof hearing, and the judge should not have dismissed the complaint on that basis. However, we agree with the Law Division judge that because notice had not been given to the trustee that plaintiffs intended to continue the case, the matter could not proceed. Nonetheless, the proper remedy was not to dismiss the action, but to stay it pending notice to the trustee.

A trustee appointed by the bankruptcy court has the right to seek an injunction under 11 *U.S.C.* § 105, if the trustee objects to a matter proceeding to final judgment under the exceptions provided in Section 362(b)(4). The legislative history provides support for this conclusion:

> *The effect of an exception [under subsection (b) ] is not to make the action immune from injunction.*
>
> The [bankruptcy] court has ample other powers to stay actions not covered by the automatic stay. Section 105 ... grants the power to issue orders necessary or appropriate to carry out the provisions of title 11.... By *excepting an act or action from the automatic stay, [Congress] simply requires that the trustee move the court into action, rather than requiring the stayed party to request relief from the stay.* There are some actions, enumerated in the exceptions, that generally

---

[3] We are not here confronted with a demand by plaintiffs to execute on any judgment it might obtain in the proceedings against Morton Springer. *See Nicolet, supra,* 857 *F.*2d at 207; *cf.* 11 *U.S.C.* § 362(b)(5).

should not be stayed automatically upon the commencement of the case, for reasons of either policy or practicality. Thus, the court will have to determine on a case-by-case basis whether a particular action which may be harming the estate should be stayed.

[S.Rep. No. 95–989 at 51 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5837 (emphasis added); *see also Penn Terra Ltd., supra,* 733 *F.*2d at 274.]

On June 16, 1997, apparently a trustee had not yet been appointed, and therefore no notice had been given to the appropriate party of plaintiffs' intention to proceed to judgment at a proof hearing. Hence, the trustee was deprived of the opportunity to consider whether to seek to enjoin the state court proceeding under Section 105.

Accordingly, we reverse and remand to the Law Division with directions that the complaint be reinstated forthwith. Once a date is set for the proof hearing, the judge shall obtain proof that notice was served upon the trustee before allowing plaintiffs to proceed to final judgment. The trustee should be afforded a reasonable period to determine whether to seek to enjoin the state court proceeding before the bankruptcy court.

Reversed and remanded.